(43 South. 173.)

No. 16,215.

In re INTERSTATE LAND CO., Limited.

INTERSTATE LAND CO., Limited, v. DOYLE et al.

(Oct 29, 1906. On Rehearing, March 4, 1907.)

1. INFANTS—NOTICE OF TAX DELINQUENCY—SERVICE.

Where a minor is not represented by a tutor or guardian, notice of tax delinquency should be served on a tutor ad hoc appointed for that purpose.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, §§ 195, 196.]

2. APPEAL—COAPPELLEES—REVERSAL.

Where judgment is rendered in a petitory action against two or more persons claiming interest in the property, and appeals are taken by some of the parties cast and not by others, the plaintiff and the parties who do not appeal are coappellees, and, as between them, the judgment appealed from cannot be reversed or amended upon an answer filed by either in the appellate courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3584–3590.]

3. TAXATION—NOTICE OF TAX DELINQUENCY—NECESSITY OF SERVICE.

In a proceeding to sell property lawfully assessed in the name of a person deceased, notice addressed to such person, and served upon a major co-owner of the property, is insufficient to bind minor co-owners who have no qualified tutor, even though they reside with such major co-owner upon the property in question, where the service is made.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the Interstate Land Company, Limited, against Willie and Joseph Doyle, minors. Judgment for defendants, and the land company applied for a writ of possession, and defendants obtained a preliminary injunction. Thereafter the land company brought a petitory action against the defendants, and the suits were consolidated. Judgment rendered for the land company, and defendants, Doyle, appeal. Modified and affirmed.

Benjamin Ory, for appellants Willie and Joseph Doyle. William Sommer Hero, for appellee Thomas J. Sylvester. Richardson & Soulé and Francis Rivers Richardson, for appellee Interstate Land Company, Limited.

Statement of the Case.

MONROE, J. This matter comes up before the court upon the appeal of the minors, Joseph and Willie Doyle, from a judgment affirming the validity of the tax title of the Interstate Land Company, Limited, to certain real estate, on the corner of Franklin and Perdido streets in New Orleans, an undivided half interest in which was inherited by said

minors from their maternal grandmother, Mrs. Ellen Sylvester.

The case presented by the record is as follows:

Mrs. (widow) Ellen Sylvester acquired the property in question by purchase July 25, 1891, and owned it until she died, April 27, 1896, when it was inherited by her son Thomas J. Sylvester, an unmarried daughter, whose name is not given, and Joseph and Willie Doyle, minor children of a predeceased daughter, Anna Louise, who had been the wife of Randolf Doyle. The unmarried daughter having subsequently died, intestate, Thomas J. Sylvester and the minors, Doyle, became the owners of the property in the proportions of one half to Sylvester and the other half to the minors. Neither the succession of Mrs. Doyle nor that of Mrs. Sylvester was opened, nor did the natural tutor of the minors qualify as such, nor were the assessors notified that the title was vested in any one but Mrs. Ellen Sylvester, who continued to appear as the owner of record. The property was accordingly assessed for the year 1899 in the name of Mrs. Sylvester, and, after notice addressed to her, but served on Thomas J. Sylvester (who with the minors, Doyle, resided on the premises), and advertisement, in the name of "Mrs. Ellen Sylvester," was, on July 2, 1900, offered for sale for the taxes of that year, and an undivided $39/100$ interest therein (being the least quantity that any bidder would take) was adjudicated to the Interstate Land Company, Limited. On July 11th, following, the adjudicatee addressed a letter to Mrs. Sylvester, informing her of its purchase, and that it would record its title unless she redeemed the property, which letter was delivered to Thomas Sylvester, who, in response thereto, called upon the company and promised to redeem. He, however, failed to do so, and the adjudication was confirmed by an act of sale of date August 20, 1900. The assessment for the year 1900, had, in the meanwhile, been made (as had that of 1899) in the name of Mrs. Ellen Sylvester, the owner of record, and, after notice and advertisement as before, the entire property was, on June 24, 1901, adjudicated to the land company for the taxes of 1900, and the adjudication was confirmed by an act of sale of date July 19, 1901. In November, 1902, the Interstate Land Company, Limited, filed a petition in the Civil District Court, under the number 69,052, alleging its acquisition of the property, and praying for a writ of possession, and, a few days later, Thomas J. Sylvester, acting for himself and as "nearest of kin," of the minors, Doyle, upon a petition filed in the thus pending suit, obtained a preliminary writ of injunction, restraining the execution of the writ of possession prayed for by the land company, to which petition, as also to a supplemental petition thereafter filed, said company made due answer. Without further proceedings in the case as thus made up, the land company, in January, 1905, instituted a petitory action against the minors, Doyle, for the recovery of the property in question, and the two suits were ordered to be consolidated.

Thereafter, Thomas J. Sylvester, as tutor ad hoc (under appointment by the court), answered for the minors, and somewhat later Randolf Doyle, the father of the minors, having, in the meanwhile, qualified as natural tutor, also answered in their behalf, after which, there was a trial of the whole case (as consolidated) and a judgment in favor of the land company, and against all the defendants, recognizing said company as the owner of the property claimed by it, from which judgment the minors, alone (through their natural tutor) appealed, Thomas J. Sylvester, by whom no appeal was taken, appearing in this court by way of an answer to the appeal taken by the minors, and praying that the judgment appealed from be reversed, and that there be judgment in his favor.

Opinion.

The judgment appealed from goes against Thomas J. Sylvester, quoad his interest, and against the minors, Doyle, quoad their interest, in the property in dispute, and, as the minors are the only appellants, plaintiff and Sylvester are coappellees. Under these circumstances, Sylvester can obtain no relief, as against plaintiff, by means of his answer to the appeal, and, as he asks none, as against appellants, his claims may be dismissed from further consideration. Fields v. His Creditors, 11 La. Ann. 545; Hottinger v. Hottinger et al., 49 La. Ann. 1635, 22 South. 847; Succession of Trouilly, 52 La. Ann. 281, 26 South. 851; Schwartz v. Rosetta, etc., Co., 110 La. 625, 34 South. 709.

The propositions upon which appellants insist are: That there were no notices of either of the sales which are binding on them; and that, if it be held that the notices were good, then that, as an effect of the first sale, the land company became a co-owner with them and their uncle, and acquired no greater interest in the property by the second adjudication than it already owned; that adjudication operating merely as a payment of the taxes, for the joint benefit of all the owners, with the right, in the adjudicatee, to reimbursement from his co-owners of the amount paid for their benefit. Under the law in force when the assessments were made, and now in force, as neither the actual owners nor their representatives had notified the assessors in writing of the death of the apparent (registered) owner, or of the fact, time, and place of the opening of her succession; and, as no complaints, in writing, had been made concerning them, such assessments were "good and valid." Act No. 106, p. 132, of 1890, § 25; Act No. 140, p. 180, of 1890, § 2; Act No. 170, p. 360, of 1898, § 25.

As has already been said by this court, however, "an assessment may be 'good and valid' in the name of the dead man, and yet the sale be illegal, if the proceedings to sell are not carried on contradictorily with parties in interest." Succession of Chaplain, 112 La. 1078, 36 South. 859. The Constitution (article 233) and the statutes (Acts No. 85, p. 129, of 1888, and No. 370, p. 170, of 1898, §§ 50, 51), require that notice of the proposed sale shall be served on the "delinquent" (according to the Constitution) "taxpayer" (according to the statutes), and, as a person who has departed this life cannot be considered within those classifications, and could not, in any case, be served with the notice, it has been held, when the apparent, or registered, owner is dead at the date of its issuance, that such notice shall be served on the actual owner, as (in that case) the "delinquent," "taxpayer," contemplated by the Constitution and the statutes. Adolph v. Richardson, 52 La. Ann. 1159, 27 South. 665; Geddes v. Cunningham, 104 La. 312, 29 South. 138. It may be, that where the apparent (registered) owner is still living, notice to him would be sufficient, and it is quite certain that, whether the apparent owner be living or dead, notice to the actual owner would be sufficient. In the instant case, the registered owner was dead when the assessments were made, and notices of the intention to sell should have been served on the actual owners, to wit, on Thomas J. Sylvester and the minors, Doyle. The notices, as issued, were addressed to the deceased (registered) owner, but were served on Thomas J. Sylvester, the major (actual) co-owner, residing on the property affected; and, so far as his interest is concerned, were sufficient, since, though addressed to his deceased mother, they informed him that the property, which he had inherited from her, would be sold for past due taxes, unless those taxes were paid. But Thomas J. Sylvester did not represent the minors, and the fact that they were then living with him on the premises did not make him their representative. Their

father lived elsewhere, and had not been confirmed as their natural tutor. In fact they were wholly unrepresented. Under these circumstances, the cases of Holye v. Athletic Club, 48 La. Ann. 883, 19 South. 937, City of New Orleans, Praying for Possession, 51 La. Ann. 979, 25 South. 686, Harvey et al. v. Land & Improvement Co., 108 La. 550, 32 South. 475, and others, upon which counsel for plaintiff relies, do not support his position, and we conclude that the tutorless minors are not bound by the notices addressed to their deceased grandmother and served on their uncle, at a domicile at which their father, and (unconfirmed) natural tutor, did not reside.

It follows from the foregoing that the plaintiff is entitled to recover only to the extent of the undivided half interest of Thomas J. Sylvester in the property claimed, plus an amount, in money representing the minors' proportion of the disbursements, which have been made for the common benefit, and, as this result could not be affected by any conclusion reached upon the question of the validity of the second adjudication, as affected by the fact that the adjudicatee was at that time a co-owner with the defendants of the property, the consideration of that question is pretermitted. So far as the disbursements referred to are concerned, it appears from the record that the property has been under judicial sequestration during the litigation, and that by agreement the sheriff has been authorized to collect the revenues through the plaintiff's counsel. Under the circumstances, and as disbursements have been made and rents collected since the pleadings were filed, it seems to us advisable that the recovery in the one case, and the distribution in the other, should be made the subject of a further proceeding, for the purposes of which the rights of the parties' will be reserved.

It is therefore ordered, adjudged, and decreed that, in so far as the interest of the minors, Joseph and Willie Doyle, in the real estate here in dispute is concerned, the judgment appealed from be annulled, avoided, and reversed; the injunction, issued on behalf of said minors, perpetuated; the demands of the Interstate Land Company, Limited, rejected, and the suits dismissed at its cost, with reservation to said company, and said minors, respectively, of the right to litigate, in a further proceeding, in connection with the distribution of the revenues which may have been collected, or otherwise as they may see proper, the extent of the liability of said minors by reason of disbursements made by said company for account of said property. It is further adjudged and decreed that in all other respects said judgment be affirmed, the Interstate Land Company, Limited, to pay the cost of the appeal.

## On Rehearing.

LAND, J. This case should be considered from the standpoint of the constitutional right of the taxpayer to notice in advance of the intention of the collector to advertise and sell his property for delinquent taxes. The object of the legal notice required is to inform the tax debtor of the facts, so that he can take the necessary steps to discharge the taxes due by him to the state or municipality. The service of such a notice on minors, conclusively presumed by law to be incapable of attending to their affairs or on persons interdicted for cause of insanity, does not appear to us to be the kind of notice contemplated by the organic law for the protection of the citizen.

Incapable persons can be cited or notified only through their legal representatives. Notice implies knowledge brought home to some person, standing in law for himself or for others, and presumed to be capable of attending to his own affairs.

Under section 25 of Act No. 170, p. 360, of 1898, an assessment made in the name of a party deceased is good and valid, unless notification of the death be made in due season by the heirs or parties interested. The act, however, fails to provide how notices of delinquency shall be given in such cases. It is patent that no notice can be given to a dead person by any kind of service. As the Constitution is mandatory that notice must be given to the delinquent in the manner to be provided by law before the collector can proceed to advertise the property for sale, the Legislature should have provided for some mode of notice appropriate to assessments made in the name of dead persons. In the absence of such legislation, the only solution of the problem is to treat the heirs and legal representatives of the deceased as the taxpayers quoad the service of notice.

Section 50 of the act requires the collector to address to each taxpayer a written or printed notice. Section 51 requires the collector in the parish of Orleans to deliver to each tax-payer in person, or to leave at his residence or place of business, one of said notices, and to make a return in writing of the mode of service. Section 53 speaks of such service as "personal or domicile," and so does section 53 of Act No. 85, p. 130, of 1888. The provisions of the act as to notice and service thereof is predicated on the assumption that the taxpayer is a person supposed to be capable of understanding the meaning of the notice, and of attending to his own affairs. The service of such a notice on an infant or an idiot would be a mere legal travesty, and a tax sale predicated on such a notice would be absolutely void. The minor is deemed incapable of managing his own affairs. From his birth to his majority he is subjected to the control and authority of his parents or tutor. The minor is incapable of representing himself. He cannot stand alone in or out of court. When the minor is without a tutor, any person who has a claim against him may apply to the competent judge to request that a tutor ad hoc be appointed to defend the interests of the minor. Rev. Civ. Code, art. 313. The minor cannot be cited or notified except through his tutor. Even the surviving father or mother cannot represent the minor unless he or she take the oath required by law. Code Prac. arts. 949, 950. The contention that the minors in the case at bar were legally notified of the delinquency of the taxes by notice addressed to their grandmother and left with their uncle, is certainly a novel proposition which finds no support in our Codes or jurisprudence. The same may be said of the contention that the notice was properly served by leaving it at their residence, or that notice to their uncle, who was joint owner, was sufficient. As personal service on the minors would have been void, substituted service or constructive service on them can have no legal effect. The remedy of the taxing authorities was simple enough. A tutor ad hoc could have been appointed at the suit of the tax collector. This is no great hardship to the state. Under Acts 1873, No. 47, p. 100, § 5, the law required, where the owner was unknown or absent, that the collector should apply to the parish or district judge, and have a curator ad hoc appointed, and serve 10 days notice on him prior to the seizure. See Person v. O'Neal, 32 La. Ann. 235. The act of 1898 did not provide for the contingency of notice to unrepresented minors or interdicts, and, in the absence of express legislation on the subject, we must apply the general laws made for the protection of such incapable persons.

It is therefore ordered that our former decree herein be reinstated, and made the final judgment of this court.

See dissenting opinion of PROVOSTY, J., 43 South. 176.