May 29, 1911.

————o————

5324.

(Court of Appeal, Parish of Orleans).

## F. R. RICHARDSON vs. B. J. ZAHN.

1. It is well settled that however proper it may be to *address* the notice of delinquency to the person to whom the property is assessed, nevertheless it is essential to the validity of a sale for taxes, that such notice be *served* upon the owner of record at the time.

2. The right to redeem the property sold for taxes, and the action to annul the tax sale, exist concurrently and are not exclusive of each other.

3. No law requires that a tender of the price paid at tax sale, with interest, etc, be made prior to the institution of a suit to annul such sale; but no judgment annulling said sale can have any effect until such price, etc, be paid to the purchaser.

Appeal from the Civil District Court Division "C."

F. R. Richardson, for plaintiff and appellant.

B. Ory, for defendant and appellee.

ST. PAUL, J.—Plaintiff seeks to annul a sale of his property for city taxes, on the ground that said tax sale was not preceded by notice to the owner as required by law.

Defendant excepted, 1. That the petition disclosed no cause of action. 2. That it was vague and indefinite. and 3. That it contained inconsistent and conflicting allegations. The district judge maintained the exceptions and dismissed the suit.

We see nothing vague or indefinite, inconsistent or conflicting in the allegations of the petition, and our attention has not been directed to any such defect therein; these exceptions are clearly not well founded, and were doubtless maintained by the district judge solely in order to put the whole matter on appeal at one time.

But the district judge held in a written opinion that the exception of no cause of action was well founded, assigning three grounds therefor. 1. That the assessment not having been complained of before the sale, could not now me attacked; and a notice addressed to, and served upon, the party to whom the property was assessed, answered the requirement of the law. 2. That the delays allowed by law, within which to redeem the property, had not yet expired, and 3. That no tender of the price paid at tax sale had been made to the purchaser prior to the institution of the suit.

As to the first point, it may be said that the petition not only denies the service of any notice upon petitioner, but it also specially denies that any such notice was ever served, as pretended, upon the party in whose name the property had been assessed. But in any event, it is well settled that however proper it may be to address the

notice of delinquency to the person to whom the property is assessed, nevertheless, it is essential to the validity of the sale for taxes that such notice be **served** upon the owner of record at the time.

Breaux vs. Negrotto, 43 An. 426; Doyle vs. Interstate Land Co., 118 La. 587.

As to the fact that the delay within which to redeem the property had not yet expired, that can have no bearing on plaintiff's right to pursue his action of nullity, if well founded. At best his action would only be premature, and such prematurity could only be urged by special plea made in limine. But no such prematurity exists. The two remedies, the right to redeem the property sold for taxes, and the action to annul the tax sale, exist concurrently and are not exclusive of each other. For prescription runs against the action to annul even during the delay in which to redeem (Const. Art. 233), which could not be if such right of action did not then exist, or were suspended.

See **Veith vs. City, 3 Ct. of App. 261.**

Nor does it signify that the price paid at tax sale had not been tendered before the institution of the suit. No law requires that such tender be made. Art 233 of the Constitution provides only that no judgment annulling a tax sale "**shall have effect**" until the price and all taxes and costs, together with interest thereon at the rate of ten per cent, be previously paid to the purchaser. Tender previous to the filing of the suit affects, therefore, only the costs incurred, or to be incurred; and the want of such tender should have been specially pleaded, and in limine; which was not done.

It is, therefore, ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the exceptions filed by the defendant be overruled, and the cause remanded to the court a qua

for further proceedings according to law, appellee to pay the costs of this appeal.

May 29, 1911.