(60 South. 618.)

No. 19,426.

FOREMAN et al. v. FONTENOT, Clerk of Court, et al.

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. TAXATION (§ 623*) — PROCESS — TAX — DELINQUENCY—NOTICE.

The mailing of a notice of delinquency to a tax debtor who is an interdict, regularly represented by a curator, addressed to her in a town in which the tax collector knew that she and her curator did not reside, is not a legal service of notice. In re Interstate Land Co., 118 La. 587, 43 South. 173; Genella v. Vincent, 50 La. Ann. 956, 24 South. 690; McCrory v. Bradford, 130 La. 212, 57 South. 892.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1266, 1267; Dec. Dig. § 623.*]

2. TAXATION (§ 856*)—"INHERITANCE TAX"— NATURE AND EFFECT.

An inheritance tax is a tax on the privilege of acquiring property by will or inheritance, and is not a tax on the property inherited. Plummer v. Coler, 178 U. S. 115, 20 Sup. Ct. 829, 44 L. Ed. 998.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1673; Dec. Dig. § 856.*

For other definitions, see Words and Phrases, vol. 4, p. 3609.]

3. TAXATION (§ 872*) — INHERITANCE TAX — PROPERTY TAX—LIABILITY OF HEIRS.

An inheritance tax must be paid by heirs when the taxes due on the property inherited had not been paid prior to the time of the inheritance. Const. art. 236, and paragraph "c," § 2, Act No. 109 of 1906; Succession of Pritchard, 118 La. 888, 43 South. 537; Succession of Kohn, 115 La. 74, 38 South. 898.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 872.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Action by Alvira Foreman and others against Gus. E. Fontenot, clerk of the court, and others. Judgment for plaintiffs, and defendants appeal. Modified and affirmed.

Howard E. Bruner, of Crowley, for appellants. Orther C. Mouton, of Lafayette, for appellees.

SOMMERVILLE, J. This is a suit instituted by plaintiffs, as collateral heirs of Adla Foreman, to set aside a tax sale of real estate to the state for delinquent taxes assessed against her for the year 1908, which was in the actual possession of the decedent as owner up to her death, because of the nullity of same for want of notice; to have said registry erased from the records of the recorder of said parish; an order to the sheriff and state tax collector to receive from petitioners payment of all state and parish taxes

levied and due on said property for the years 1908 to those of the year 1911, inclusive, recognizing petitioners as the sole heirs of decedent, and that, as such, after the payment of said state and parish taxes, they be sent into possession of the estate of the decedent, and more particularly of the real estate so illegally sold, without the payment of an inheritance tax.

Defendants admit that Adla Foreman acquired the property in question in a partition proceeding among coheirs, wherein she was represented by her duly appointed curator, and that her title was duly registered on the public records.

There was judgment in favor of plaintiffs, and defendants have appealed.

[1] Defendant tax collector admits that he was acquainted with the parties to the suit; that he knew that Adla Foreman was an interdict, and that Jos. W. Broussard was her curator, and that they had both moved several years before the tax sale from Scott, in the parish of Lafayette, to Crowley, in the parish of Acadia; that the property of Adla Foreman was assessed in her name, and that he mailed to her a notice of delinquency, addressed to her at Scott, which notice was returned to him unopened, as having been unclaimed; that he sent no notice to her at Crowley; and that he did not attempt to serve notice upon her curator.

The mailing of a notice to an interdict is not a legal service of notice of tax delinquency upon such person, particularly when the notice was not received by the curator; but, on the contrary, was returned to the tax collector by the postal authorities as unclaimed matter. The law contemplates that a notice of tax delinquency must convey information to the tax debtor that his taxes are unpaid, and that his property will be seized and sold to pay same. And, where the public records show the property to be owned by an interdict, the notice must be served upon his representative, if he has one.

In re Interstate Land Co., 118 La. 587, 43 South. 173; Genella v. Vincent, 50 La. Ann. 956, 24 South. 690; McCrory v. Bradford, 130 La. 212, 57 South. 892.

There was no legal notice served upon the tax debtor in this case, and the sale to the state is null.

The next question for consideration is the liability of the collateral heirs of Adla Foreman to the payment of an inheritance tax.

Article 235 of the Constitution of 1898 provides for the levy of an inheritance tax upon all inheritances, legacies and donations; and article 236 provides:

"The tax provided for in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance."

[2] An inheritance tax is a tax on the privilege of acquiring property by will or inheritance, and it is not a tax on the property inherited. Plummer v. Coler, 178 U. S. 115, 20 Sup. Ct. 829, 44 L. Ed. 998.

Plaintiffs argue that the purpose had in mind by the framers of the Constitution was to avoid double taxation of property donated or inherited, or to relieve heirs and donees from paying inheritance taxes where they inherited property upon which taxes had been paid. And they further argue that when they, the heirs, will have paid the taxes on the property for the years 1908 to 1911, which were a burden on the property at the time of the death of the deceased, which payment cannot be evaded, that said property will have borne its just proportion of taxes, and there will be no inheritance tax to be paid by them.

In the Succession of Pritchard, 118 La. 888, 43 South. 538, we say:

"The question of the exemption of property from the inheritance tax can only arise after the opening of the succession by the death of the decedent. The right of the heirs and of the fisc must be determined by the state of facts then existing."

And in Succession of Kohn, 115 La. 74, 38 South. 899, we further say:

"The next article (236 of the Constitution) withdraws from the operation of article 235 property which has borne its just proportion of taxes prior to the opening of the succession; or, in other words, property which has been assessed, and the taxes thereon paid. * * * The lawmaker evidently referred to property subject to assessment and taxation on which taxes have been paid prior to the time of the devolution of the inheritance."

Plaintiffs would entirely omit from article 236 the concluding words, "prior to the time of such donation or inheritance," but these words have their place and significance in the law, and they must be regarded in considering the meaning and scope of the constitutional provision.

Plaintiffs would also limit the words "shall have borne," used in the article, so as to have it read:

"The tax provided for in the preceding article shall not be enforced when the property donated and inherited *shall have borne after the passage of the act* its just proportion of taxes."

We cannot take from or add to the provision. The language is clear to the effect that the collection of an inheritance tax "shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance."

[3] The property involved here had not borne or sustained its just proportion of taxes; in other words, taxes thereon had not been paid "prior to the time" the plaintiffs inherited, and an inheritance tax is therefore due by them. As the question of the exemption of property from the inheritance tax can only arise after the opening of the succession by the death of the decedent, the right of the heirs and of the fisc must be determined by the state of facts then existing. The taxes on the property involved had not been paid prior to the time of the death of the deceased, when plaintiffs inherited the property; in other words, the property had

131 LA.—30

not borne its proportion of taxes prior to the death of the deceased, and an inheritance tax is therefore due by plaintiffs.

Defendants complain that they were condemned to pay costs of court. This was in error. The suit is not only to have a tax sale to the state declared to be null, but it is also one to have plaintiffs declared to be sole heirs to their deceased relative; and to have them decreed not liable for an inheritance tax.

As to the inheritance tax, the law provides that the costs of court shall be borne by the mass of the succession. Section 25, Act 109 of 1906. The law is the same for putting heirs into possession. The portion of costs for the other third of the suit must also be borne by plaintiffs, as we have no means of dividing costs.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom those portions declaring plaintiffs not liable to the payment of inheritance taxes, and inserting in lieu thereof that plaintiffs shall each pay 5 per cent. inheritance tax on the property inherited by them from the deceased, Adla Foreman, with costs; and, as thus amended, said judgment be affirmed at appellees' cost in both courts.