ROGERS, J.
 

 Plaintiff, as the owner of a small tract of land in Bossier parish, brought this suit to annul the sale thereof to the defendants for the unpaid taxes of the year 1917. The land was assessed for said year in the name of Abraham Schields, and the tax sale was made in June, 1918.
 

 The petition alleged that Abraham Schields had been dead for many years prior to the assessment; that the tax sale was a nullity, because it was based on the assessment in the name of a dead man, because no notice of delinquency and sale can be given to a dead man; and that no such notice was given to the real owners of the property. Plaintiff also alleged the tender, and refusal, of the amount of the taxes paid by defendants, with interest and penalties.
 

 Defendants answered, averring that the land was properly assessed to Abraham Schields, the owner of record; that notice was sent by registered mail to said Schields, who was a nonresident, at his last known address, and' where he had been notified for several years; that, if he was dead, the tax collector nor assessor nor the defendants had knowledge of that fact; that all the formalities of the law had been complied with, and that the tax title under which they ■ were claiming the land was valid. Defendants admitted the tender, and refusal, of the taxes, interest, and penalties.
 

 The court below annulled the tax sale and ordered the cancellation of its inscription from the conveyance records of the parish; it also gave defendants judgment for the amount of taxes and costs paid by them by virtue of said illegal sale, with interest. Defendants have appealed from said judgment.
 

 We do not deem it necessary to pass upon the legality, vel non, of the assessment, because we find, from an examination of the record, that the notice of the tax delinquency and sale-was not given to the owners of the property as required by law.
 

 It is admitted that Abraham Schields, the assessment in whose name formed the basis of the tax sale, had been dead for many years prior thereto.
 

 The registered notice sent out by the tax collector was returned to him unclaimed, and, without any further effort on his part to notify the actual owners, he deposited the returned registered notice with the clerk of court, and thereafter sold the property to the defendants.
 

 In issuing the notice in question, the tax collector followed sections 50 and 51 of Act 170 of 1898, which provide that notice of the proposed sale shall be given the “taxpayer.” Article 233 of the Constitution of 189S and of 1913, which was in force at the time of the tax sale, required, however, that such notice should be given to the “delinquent.” It is now too well settled to admit of argument that the term “delinquent” means the actual owner at the time the notice is issued.
 

 A recent expression of this court on the question of notice is to be found in the case of Adsit v. Park, 144 Da. 934, 81 So. 430, wherein it was said:
 

 
 *599
 
 “With regard to ‘giving notice' to the delinquent in the manner to be provided by law,’ article 233 of the Constitution of 1898 and of 1913 corresponds with article 210 of the Constitution of 1879, except that the latter contained a proviso that the manner of giving the notice should not be by publication, except in the case of unknown owners. In Geddes v. Cunningham, 104 La. 306, 29 South. 138 (decided in 1901, but with reference to the Constitution of 1879), it was said that the Legislature could not dispense with the requirement of the Constitution for ‘giving notice to the delinquent’ ; that the term ‘delinquent’ meant the owner at the time of issuing the notice; and that, in-that respect, the law remained as it was before the adoption of the Acts Nos. 100 and 140 of 1890, authorizing assessments to be made in the name of the record owner, whether dead or alive. To the same effect was the ruling in each of the following cases, viz.: Tensas Delta Land Co. v. Sholars, 105 La. 358, 29 So. 908; Foreman v. Hinchcliffie, 106 La. 225, 30 So. 762; Bartley v. Sallier, 118 La., 93, 42 So. 657; In re Interstate Land Co., 118 La. 587, 43 So. 173; Riddell v. Rice, 128 La. 241, 54 So. 785; McCrory v. Bradford, 130 La. 212, 57 So. 892; and Foreman v. Fontenot, 131 La. 925, 60 So. 618.”
 

 In one of the cases referred to in the foregoing quotation, namely, In re Interstate Land Co., 118 La. 587, 43 So. 173, appears the following:
 

 “As has already been said by this court, however, ‘an assessment may be “good and valid” in the name of the dead man, and yet
 
 the sale be illegal,
 
 if the proceedings to sell are not carried on contradictorily with parties in interest.’ Succession of Chaplain, 112 La. 1078, 36 South. 859. The Constitution (article 233) and the statutes (Acts No. 85, p. 129, of 1888, and No. 370 [No. 170] p. 170, of 1898, §§ 50, 51) require that notice of the proposed sale shall be served on the ‘delinquent’ (according to the Constitution) ‘taxpayer’ (according to the statutes), and, as a person who has departed this life
 
 cannot be considered within
 
 those classifications, and could not, in any case, be served with the notice, it has been held, when the apparent, or registered, owner is dead at the date of its issuance, that such notice shall be served on the actual owner, as (in that case) the ‘delinquent taxpayer,’ contemplated by the Constitution and the statutes.” (Writer’s italics.)
 

 In the face of these decisions, it is nevertheless argued on behalf of defendants that to the tax collector the delinquent is the record owner, and that neither the assessor nor the tax collector is bound to go beyond the recorded title in search of the owner. The case of Howcott v. City of New. Orleans, 107 La. 305, 31 So. 668, is cited in support of the argument.
 

 We think the interpretation placed by counsel for defendants upon the cited case is entirely too broad. What the court there held is that the doctrine, that proceedings conducted against, and in the name of, a dead man, and leading to the sale of the property for taxes, convey no title, is inapplicable where the holder of the recorded title is living. In the case at bar, the owner of the original recorded title, and in whose name the property was assessed, was dead, at the time of the assessment and sale. If the tax collector, after the registered notice had been returned to him, had consulted the conveyance records, however, he would have ascertained that several months prior to the tax sale the heirs of the original owner had sold the tract of land, and that through mesne conveyances the owner of record at the date of said sale was one J. R. Sibley, the vendor of the present plaintiff, who resided about four miles from the property.
 

 In Interstate Land Co. v. Doyle, cited supra, this court, on rehearing, said:
 

 “The act [referring to Act 170, p. 360 of 1898, § 25], however, fails to provide how notices of delinquency shall be given in such cases [where the apparent or registered owner is dead]. -It is patent that no notice can be given to a dead person by any kind of service. As the Constitution is mandatory that notice must be given to the delinquent in the manner provided by law before the collector can proceed to advertise the property for sale, the Legislature should have provided for some mode of notice appropriate to assessments made in the name of dead persons. In the absence of such legislation, the only solution of the problem is to treat the heirs and legal representatives of the deceased as the taxpayers quoad the service of notice.”
 

 In the present case the problem was simplified by reason of the sale of the property by the heirs of the person assessed, so that
 
 *601
 
 for several months prior to, and at the date of, the tax sale the property appeared in the parish records in the name of its actual owner, who was a resident of the same neighborhood. It would have
 
 been
 
 an easy matter for the tax collector to have served notice of delinquency and sale on this owner.
 

 It is argued in defendants’ brief, as a reason for sustaining an 'exception of no cause of action, that plaintiff, having no greater rights than the heirs of Abraham Schields, has no standing in court to claim the tract of land in question, because the said heirs have never been, contradictorily with the inheritance tax collector, recognized as such and placed in possession of the estate of the de eujus. The record does not show that an exception of no cause of action was filed by the defendants. But, however that may be, the point is not well taken ; the heir is not precluded from suing to annul a tax sale until he has paid the inheritance tax or had his inheritance judicially declared exempt from said tax. Bonvillain v. Richaud, 153 La. 431, 96 So. 21. See, also, Barbarich v. Meyer, 154 La. 325, 97 So. 459.
 

 For the reasons assigned, the judgment appealed from is affirmed.