No. 2235
Second Circuit

HICKS & RICHARDSON CO., LTD., v. GEARREALD

(April 8, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Taxation—Par. 283.** Under Section 11 of Article X of the Constitution of 1921 and prior Constitu-

tions of Louisiana the term "delinquent" means the actual owner at the time and to whom the notice of delinquency in payment of taxes is issued.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

Action by Hicks & Richardson Company, Limited, et al., against J. I. Gearreald.

There was judgment for defendant and plaintiffs appealed.

Judgment reversed.

L. E. Colvin, W. M. Pollock, of Mansfield, attorneys for plaintiffs, appellants.

Murff & Mabry, of Shreveport; Nettles & Bethard, of Coushatta, attorneys for defendant, appellee.

WEBB, J. In this action, filed on June 27, 1921, plaintiffs, Hicks & Richardson Company, Limited, et als., alleging title to lands situated in the parish of Red River by mesne conveyances from the United States through the State of Louisiana, seek to annul a tax sale and deed thereunder made by the sheriff and tax collector of Red River parish to defendant, J. I. Gearreald, of date June 19, 1918, recorded July 5, 1918, volume 27, page 20, of the conveyance records of Red River parish, under an assessment of the property for the year 1917 in the name of Roach Rogers, and to be decreed the owners of the property.

The tax sale and deed is alleged to have been null on several grounds, among which were that the title to the property was in the State of Louisiana on the 1st of January, 1917, and that notice of delinquency was not given to the owners of record prior to the date of sale.

The defendant filed an exception of no cause of action and a motion to have the plaintiffs elect between the grounds of nullity alleged, which were overruled, and thereafter plaintiff filed an amended petition reiterating the allegations of the original petition, but pleading the failure to give notice of delinquency in the alternative, and defendant answered.

The cause was submitted on an agreed statement of facts and judgment was rendered in favor of defendant, rejecting plaintiffs' demands, from which judgment plaintiffs appeal.

OPINION

While defendant urges that his motion to elect should have been sustained, yet he did not in his answer to the petition as amended reserve his rights under the motion; and besides we do not think there was any conflict between the grounds upon which the plaintiffs alleged that the tax sale was null; but if so, the last allegation of nullity was for failure to give notice of delinquency, which is the only ground we deem it necessary to consider.

As to this ground, the parties admit that the tax sale was made under an assessment against Roach Rogers for the year 1917 on the date alleged in plaintiffs' petition; that Roach Rogers was the owner of record on January 1, 1918, and until January 30, 1918, when the plaintiffs became the owners of record and were in possession at the time of the tax sale, and that the only notice of delinquency which was given prior to the sale was to Roach Rogers on May 2, 1918.

The defendant does not contend that notice of delinquency is not necessary, but he contends that as Roach Rogers, in whose name the property was assessed, was the record owner on January 2, 1918,

the notice was properly given to him, citing in support of his contention Article 233 of the Constitution of 1913 and Sections 50 and 51 of Act 170 of 1898 and the decision in Recker vs. Dupuy, 161 La. 392, 108 South. 782.

The article of the Constitution cited, as well as the same article of the Constitution of 1898 and Article 210 of the Constitution of 1879 and Section 11 of Article 10 of the Constitution of 1921 provide that before advertisement and sale of property for taxes the tax collector should give notice to the delinquent in the manner provided by law, and Sections 50 and 51 of Act 170 of 1898 provide that the notice shall be given on the 2nd of January, or as soon thereafter as possible, following the year in which the assessment is made; and the defendant takes the position that the notice required must be given to the person who appears as the owner of record on January 2nd of the year following the assessment without regard to who may appear to be the owner of record on the date the notice is actually given.

While no decision is cited in which the court has specifically said that notice addressed to the owner of record as of date January 2nd following the year the assessment was levied would not be sufficient where the owner of record on that date was not the owner of record when the notice was given, yet there are many decisions in which it has been said that notice must be given to the owner of record at the time of the notice. Parish vs. Bertron, 46 La. Ann. 356, 15 South. 60; Adolph vs. Richardson, 52 La. Ann. 1155, 27 South. 665; Geddes vs. Cunningham, 104 La. 306, 29 South. 138; In re Lafferenderie, 114 La. 6, 37 South. 990; McCrory vs. Bradford, 130 La. 212, 57 South. 892; Adsit vs. Park, 144 La. 934, 81 South. 430;

Jones vs. Curran, 156 La. 1055, 101 South. 415; Wilkerson vs. Wyche, 158 La. 596, 104 South. 381.

In Wilkerson vs. Wyche, 158 La. 596, 104 South. 381, supra, the court said:

"In issuing the notice in question the tax collector followed Sections 50 and 51 of Act 170 of 1898, which provide that notice of the proposed tax sale shall be given to the 'taxpayer'. Article 233 of the Constitutions of 1898 and 1913, which was in force at the time of the tax sale, required, however, that such notice should be given to the 'delinquent'. It is now too well settled to admit of argument that the term 'delinquent' means the *actual owner at the time the notice is issued*."

(Italics ours.)

And we do not think there is any conflict in the expression used by the court in that case and that used in the case of Recker vs. Dupuy, 161 La. 392, 108 South. 782, cited by defendant; especially when it is considered that the tax deed in the case cited by defendant was annulled for the reason that the notice was not given to the owner of record at the time of the issuance of the notice and that the prior decisions of the court, and especially Wilkerson vs. Wyche, supra, were cited by the court as sustaining the decision; and we conclude the tax sale should have been annulled.

While the defendant did not specifically pray for judgment for the amounts paid out by him at tax sale nor amounts subsequently paid by him for taxes assessed against the property in event the sale should be annulled, yet it was admitted by the parties that defendant had paid taxes assessed against the property for the years 1920 to 1923 inclusive, and there appear tax receipts showing payment of taxes on January 1, 1922, of twenty-one and 60-100 dollars; on January 19, 1923, of nineteen and 50-100 dollars; and on December 18, 1923, of twenty-three and 10-100 dol-

lars, and under the provisions of Article 233 of the Constitution of 1913, providing the judgment annulling a tax sale shall not have effect until the price of the tax title and all taxes paid, together with ten per cent per annum interest thereon, shall have been paid to the tax purchaser, we think judgment should be rendered in favor of the defendant for the amount of taxes shown to have been paid, and reserving the right of defendant to claim an additional amount paid by him at the tax sale and any other taxes which have been paid on the property subsequent to the trial.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiffs, Hicks & Richardson Company, Limited, J. T. Richardson, Lucille Richardson and Eva Richardson have and recover judgment against defendant, J. I. Gearreald, recognizing and decreeing them to be the owners of Lot five (5) of Section three (3) and Lots six (6) and seven (7) of Section four (4), Township fourteen (14), Range twelve (12) West, of Red River parish, Louisiana, in accordance with their title, and that that certain tax sale and tax deed thereunder made by T. M. Brittin, sheriff and ex-officio tax collector of the parish of Red River, Louisiana, to J. I. Gearreald of date June 29, 1918, as the same appears filed and of record on page 70 of volume 27 of the conveyance records in the Recorder's Office of Red River parish, Louisiana, be decreed null and void and the inscription be cancelled and erased; and it is further ordered, adjudged and decreed that defendant have and recover judgment against plaintiffs in the sum of sixty-four and 20-100 dollars, with 10 per cent per annum interest on twenty-one and 60-100 dollars thereof

from January 1, 1922, and like interest on nineteen and 50-100 dollars thereof from February 19, 1923, and like interest on twenty-three and 10-100 dollars from December 18, 1923, until paid, and that the inscription of the tax deed be not cancelled until payments of the said amount and interest.

It is further ordered that the defendant's right to claim the amount of the price paid at the tax sale and for any other taxes paid on the property during the pendency of the suit, together with interest thereon, be reserved.

It is further ordered, adjudged and decreed that defendant pay all costs of this suit.