No. 425

First Circuit

BUSH v. BAHAM

(November 10, 1928. Opinion and Decree.)
(January 9, 1929. Rehearing Granted.)
(April 13, 1929. Opinion and Decree on Rehearing.)

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

H. K. Strickland and Fred G. Benton, of Baton Rouge, attorneys for defendants, appellees.

MOUTON, J. In July, 1925, defendants bought a fractional lot of ground in Baton Rouge at tax sale for the city taxes of 1924.

The contention on this appeal is that the tax adjudication should be declared null, for the reason that plaintiff, the tax debtor, did not receive notice of delinquency for the taxes for that year.

The proof is that plaintiff was born in Baton Rouge, where she resided until November, 1923, at which time she moved to New Orleans. Plaintiff did not appear on the assessment roll as a non-resident, and there is no proof or intimation in the record whatsoever that the taxing authorities knew that plaintiff had moved from the city of Baton Rouge, or that she was residing in New Orleans when written notice of delinquency was sent her in Baton Rouge by the city tax collector. Her address was taken from the city directory, and the notice was addressed to her by registered letter, which was returned "unclaimed" by the postal authorities in Baton

Rouge, as appears from the stamp mark on the envelope on which the notice was sent. Sections 50 and 51 of Act 170 of 1898 require that the tax collector shall give notice of delinquency by addressing the notice to the tax debtor and sending it to him by registered mail. In the instant case plaintiff was then the record owner. The notice was, as hereinabove stated, addressed to her in Baton Rouge, where she had previously resided, and where, it may also be proper to state, the property was assessed in her name.

In their contention for a reversal, counsel for plaintiff rely on the cases reported as McCrory vs. Bradford, 130 La. 215, 57 So. 892; Adsit vs. Park, 144 La. 937, 81 So. 430, and Wilkerson vs. Wyche, 158 La. 596, 104 So. 381.

In McCrory vs. Bradford, 130 La. 215, 57 So. 892, the notice had been sent to Burnside by letter, which was returned to the sheriff with the notation that the post office address of the tax debtor was "Hobard." It is obvious in that case that the sheriff was unmistakably informed that the tax debtor had not received the notice, and that he knew where he could address the notice to the taxpayer. The court in that case very properly held that the sheriff should have made an effort to reach the tax debtor at his post office address before adjudicating the property at tax sale.

In Adsit vs. Park, 144 La. 937, 81 So. 430, the land sold at tax sale was owned by four parties, each having an undivided one-fourth interest. The address of the notice was to Park Wilcox et al. The court held that the address in the owner's surname only, or to one of several joint owners "et al.," is not a compliance with the law as to the other joint owners. There are no such facts here. The court also found in that case that Joe M. Park and Sam Park who were co-owners in the property, were well known to the tax collector; that he knew their post office address and could have ascertained their proper address without much effort. Here the tax collector had no such knowledge, and this case is not governed by the ruling applied there.

The recital of the facts in Wilkerson vs. Wyche, 158 La. 596, 104 So. 381, shows that the assessment, notice, and proceedings for the tax sale had been conducted in the name of a dead man, and who had died several years prior thereto. The court also found that without any further effort on the part of the tax collector to notify the actual owners the property had been adjudicated. In connection with the foregoing statement, the court took occasion to remark that by consulting the conveyance records the tax collector could have ascertained that the property had been conveyed by the heirs of the deceased, and at the time of the sale the owner of record was one J. R. Sibley. Consulting the conveyance records in the instant case would have been of no avail, as the lot was still in the name of plaintiff, who the tax collector had no reason to believe had moved from Baton Rouge to New Orleans.

In giving notice of delinquency to plaintiff, under the facts of this case, we find that the requirements of the statute were complied with and that the sale was legal.

The judgment rejecting the demand is correct.

Affirmed.

---

## ON REHEARING.

LECHE, J. A rehearing was granted in this case in order that we might reconsider the question as to whether the tax collector

had complied with the law which requires the giving of notice of delinquency to the tax debtor as a condition precedent to the sale of his property for non-payment of taxes. The test in that regard seems not to have been whether the tax debtor has received the notice, but whether the tax collector had complied with sections 50 and 51 of the Revenue Law, Act 170, p. 370, of the Acts of 1898. Adsit vs. Park, 144 La. 934, 81 So. 430; Baum vs. Smith, 127 La. 1091, 1092, 54 So. 399. It is conceded that the law requires such notice (Constitution, art. 10, Sec. 11), and it must be given in the manner required by law.

The law regulating the manner in which the tax debtor is to be notified is contained in the cited sections 50, 51, and 52 of the Act of 1898.

The facts as stated in our opinion on the first hearing are fully supported by the evidence. At the time the assessment was made, plaintiff resided in Baton Rouge, but when the taxes became due she had removed from that city. The tax collector used due diligence in trying to locate plaintiff, but was unsuccessful; and herein lies a difference between this case and the cases of McCrory vs. Bradford, 130 La. 215, 57 So. 892, and Foreman vs. Fontenot, 131 La. 926, 60 So. 618. But plaintiff contends that, even if the tax collector could not locate her or find her address, he should have notified her under section 52 of the Act of 1898. That section provides for publication of "one general notice" to all unknown owners and non-residents whose post office address is unknown. The assessment roll could not truly describe plaintiff as an unknown or as a non-resident whose address was unknown, for as before stated, when the rolls were made by the assessor, she was neither unknown nor a non-resident. She became unknown and a non-resident by her own action and conduct.

Late decisions by the Supreme Court in the cases of Jones vs. Curran, 156 La. 1056, 101 So. 415; Recker vs. Dupuy, 161 La. 392, 108 So. 782, and Kivlen vs. Horvath, 163 La. 901, 113 So. 140, seem to hold that under circumstances as are presented in this case, it is the tax collector's duty to notify the delinquent taxpayer in accordance with section 52 of the Act of 1898, No. 170—that is, by publication of a notice as is prescribed for unknown owners and owners whose post office address is unknown. In other words, it is not sufficient for the tax collector to follow the directions of sections 50 and 51, but he must, as a last resort, comply with section 52, and such compliance only will satisfy the constitutional requirement of notice to the delinquent taxpayer.

For these reasons our former judgment is set aside, the judgment of the district court is avoided and reversed, and it is now ordered that the tax sale of the property of plaintiff for the taxes of 1924, recorded in Book 153, folio 416, of the Conveyance Records of the Parish of East Baton Rouge, be annulled, set aside, and canceled from said records; that whatever taxes may have been paid on said property by defendants be reimbursed to them in accordance with the requirements of the Revenue Law; and that plaintiff's right to recover rents and revenues be reserved.

Defendants to pay all costs of both courts.