(133 So. 760)

SALSMAN et al. v. BLOOM et al.

No. 30710.

March 2, 1931.

Rehearing Denied March 30, 1931.

Frederick G. Veith, of New Orleans, for appellant.

Harris Gagne and Aubin Daigle, both of Houma, for appellees.

OVERTON, J.

Robert S. Salsman and John E. Martin owned in indivision three lots of ground, lying in the city of New Orleans, which they acquired in the year 1915. The property is vacant property. Both the state and city taxes were paid on the property promptly, each year, except the city taxes for the year 1922, which there was a failure to pay. This failure resulted in the sale of the property for the taxes, due the city for the year 1922, the defendant Joseph A. Bloom becoming the purchaser thereof. The deed was executed on October 23, 1923, and was duly registered in the conveyance records of the parish of Orleans on October 24, 1923.

This suit was brought on May 21, 1925, less than two years after the recordation of the tax sale. Its purpose is to annul the tax sale. The sole ground alleged to accomplish that purpose is that the sale was made without notice to plaintiffs of delinquency in the payment of their taxes.

■■ Before taking up for consideration the question of failure to give notice of delinquency, it is necessary to dispose of a technical plea or objection urged by the defendant Bloom to plaintiffs' failure to make proof of an allegation in their petition. The petition sets forth, in stating the names and domiciles

of plaintiffs, that the plaintiff Salsman is the duly accredited agent of the plaintiff Martin. Defendant Bloom urges that plaintiffs should have produced the power of attorney, in response to a prayer for oyer, and should have made proof of the allegation of agency, on the trial of the case. It appears from the response to the prayer for oyer that Salsman had a letter from Martin, who was then on his way to France to engage in the World War, authorizing him to pay his part of the installments, due for the purchase of the property, and to pay his part of the taxes, as they fell due. This letter, it appears, was lost, and could not be found. Later, it was replaced by a power of attorney, sent from Paris, which was also lost, and could not be produced. With these facts before it the trial court discharged plaintiffs, and properly so, from the order to produce. On the trial of the case no proof was made of the agency. However, proof of it was unnecessary. The allegation was unnecessary. Nothing at issue depended upon it. One need not prove an unnecessary allegation.

■■ The only notice of delinquency, given by the city tax collector, was notice given by publication in the official journal, as in case of unknown owners, or nonresidents, whose post office addresses are unknown, as provided in section 52 of Act 170 of 1898. The efficacy of this notice is dependent upon whether plaintiffs were unknown owners, or nonresidents, whose post office addresses were unknown. They were not, and never were, residents of the parish of Orleans. Salsman's post office address was Bonner, La., at the time he and Martin acquired the property, and remained so up to and beyond the time of the sale. This seems to have been Martin's address also, until he left for France in 1918. At the close of the war, he remained in France, and accepted a position at Paris, as an interpreter in the

American Embassy, where he was at the time of the tax sale. From the year in which plaintiffs acquired the property they paid the taxes on it with reasonable promptness, until the city taxes for 1922 fell due, when, in some manner, their payment was overlooked. These payments were made sometimes in person and at other times by mail by means of express money orders. When made by mail, the inference would seem to be clear that Salsman had to ascertain the amount of taxes due before payment of the proper amount could be made, and that, when the tax collector received the letter, inclosing the payment, he had to mail the tax receipt to Salsman.

We are satisfied that the tax collector, by the mere examination of his files, could have ascertained readily Salsman's address. He should have availed himself of the means at hand, in ascertaining so important a fact as the address of a nonresident tax delinquent, before exposing the delinquent's property for sale. In re LaSalle Realty Co. (Piernas v. La Salle Realty Co. (La. Sup.) 132 So. 516,[1] decided Feb. 2, 1931; Recker v. Dupuy, 161 La. 392, 108 So. 782; Jones v. Curran, 156 La. 1055, 101 So. 415. Had the tax collector mailed notice to Salsman, addressed to him at Bonner, La., the notice would have placed Salsman in position to have prevented the sale by paying the taxes.

We think Salsman cannot be considered as an owner whose address was unknown, and it is not urged, nor is there ground for such contention, that his name, as a co-owner, was unknown to the tax collector. As to Martin, his address could have been ascertained easily from his co-owner, the means of ascertaining it being at hand. Therefore, Martin, whose name as a co-owner was known to the tax collector, should not be deemed an owner whose address was not known.

Since Salsman and Martin cannot be considered as owners, whose addresses were unknown, the notice by publication was no notice to them at all. Being nonresidents of the parish of Orleans, they were entitled to written or printed notice by mail, as provided by sections 50 and 51 of Act 170 of 1898. Without giving them the notice of delinquency, prescribed by law, the tax collector had no right to sell their property, and the sale was consequently null and void. Const., Art. 10, § 11; Jones v. Curran, supra; Wilkerson v. Wyche, 158 La. 596, 104 So. 381; Recker v. Dupuy, supra.

It should be said that defendant Bloom objected to the evidence received to show the circumstances on which plaintiffs rely to establish that they should not be considered as owners whose addresses were unknown on the ground that the evidence was inadmissible under the pleadings. It suffices to observe that the petition clearly alleges that the property was sold without notice to them of delinquency and intention to sell. Under this allegation plaintiffs had the right to show that the notice relied upon by defendant was no notice at all, in contemplation of law.

The trial court rendered judgment, annulling the tax sale, and ordering plaintiffs to pay to defendant Bloom the amount bid by him for the property, together with the costs of sale, and 10 per cent. per annum interest from the date of the sale. As to the remaining defendant in the case, he had no interest in it, and the demand was dismissed as to him.

For these reasons, the judgment, appealed from, is affirmed.

[1] 171 La. 965.