22 So.2d 286

MESSINA v. OWENS.

No. 37590.

March 26, 1945.

Rehearing Denied April 30, 1945.

M. C. Redmond, of Monroe, for applicant.

Heard & Heard and Jesse S. Heard, all of Monroe, for respondent.

HAWTHORNE, Justice.

This is a suit to have declared null and void a tax sale and to have set aside and cancelled from the records the tax deed resulting therefrom.

Plaintiff alleges in his petition filed on March 9, 1943, that he acquired from one J. T. Bergherm and Mrs. Betty Bergherm on March 12, 1931, as per deed recorded in Conveyance Book 207, page 389, of the Conveyance Records of Ouachita Parish, 16 acres of property situated near the City of West Monroe in Ward 5 of the Parish of Ouachita, State of Louisiana, said property being described as follows: "The South Sixteen (16) acres of the SW¼ of SW¼, Section Eight (8), Township Eighteen (18) North, Range Three (3) East, more particularly described as commencing at the SW corner of Section Eight (8), Township Eighteen (18) North, Range

Three (3) East; thence North along the west line of said Section a distance of Eight (8) Chains; thence east along a line parallel to the South line of said Section Twenty (20) Chains more or less to the east line of the SW¼ of SW¼ of said Section, thence south along the east line of the SW¼ of SW¼ of said Section a distance of Eight (8) Chains to the SE corner of said Forty; thence west along the south line of said Section Twenty (20) chains, more or less to the point of beginning."

Plaintiff further alleges that after acquiring said property he rented it each and every year, including the year 1938, to a third person, and has maintained ownership and possession all the while; that said property was exempt from taxes under the provisions of the Homestead Law, Const. 1921, art. 11, §§ 1, 2, for each year after his purchase except for the year 1937; that he resides, and has resided for a great many years, at 914 Pine Street in the City of Monroe and received his mail at this address.

He further alleges that on July 2, 1938, the property in question, after being advertised, was sold at tax sale for the taxes due for the year 1937, to one G. H. Owens, a resident of the Parish of Ouachita; that on the assessment roll said 16-acre tract was assessed to Lorenzo Messina, plaintiff, whose address is shown thereon as West Monroe, Route 1.

He further alleges that the tax sale of July 2, 1938, is null, void, and not binding, for the following reasons, as set out in his petition, to-wit:

"First: That your petitioner was not notified according to law of delinquency in the payment of his taxes on this property.

"Second: That the notice, if any was sent, was sent to West Monroe, Louisiana, Route One (1).

"Third: That he did not receive said notice sent to West Monroe, Route One (1).

"Fourth: That he did not receive any notice of any kind.

"Fifth: That no proper advertisement was made according to law of the delinquency of any payment of his taxes."

Plaintiff prays for judgment against the defendant, the purchaser of the property at tax sale, annulling, setting aside, and declaring null and void the tax sale and the evidence of said tax sale, that is, the deed executed by the sheriff covering the property sold, and prays that his title be recognized as the only true and legal title, and that he be declared the true and legal owner of said property.

Defendant in his answer admits that plaintiff acquired the property by purchase on March 12, 1931, and that he, defendant, acquired it at tax sale on July 2, 1938, the same being sold after due advertisement, for taxes due thereon for the year 1937, but denies all other material allegations of plaintiff's petition.

He further avers that the property was assessed on the assessment roll to plaintiff, Lorenzo Messina, whose address thereon was shown to be West Monroe, Route 1, and that the notice of tax delinquency was sent to Messina at the above address by

registered mail and delivery was attempted, but that said notice was returned to the tax collector, who, defendant alleges, fulfilled all duties required of him by law as regards the service of delinquent tax notices.

After trial on the merits, the lower court awarded judgment in favor of plaintiff, annulling and setting aside the tax sale and ordering the cancellation from the records of Ouachita Parish of the tax deed, said judgment to take effect "from and after payment by the plaintiff to defendant of the price and taxes paid and costs of said tax sale amounting to Six & 57/100 ($6.57) Dollars, together with all subsequent taxes paid with Ten Percent (10%) per annum interest on all sums from the dates of said payments, amounting in the aggregate to $11.94".

From this judgment defendant appealed to the Court of Appeal, Second Circuit, which court reversed the judgment of the district court and rejected plaintiff's demands. A writ of certiorari was applied for and was granted by this court, and the case is now before us for review.

The testimony and the evidence taken during the trial of this case on the merits disclose that plaintiff, Lorenzo Messina, acquired this property on March 12, 1931, and that he paid all taxes due and assessed on it for the years 1931, 1932, and 1933, but that no taxes were paid thereon for the years 1934, 1935, and 1936. Also in the record we find applications in the name of Lorenzo Messina for homestead exemptions on the property sold at tax sale, for the years 1936 and 1938, sworn and subscribed to before one Joe Hanna, assessor, in which applications the applicant states that he is the bona fide owner of the property described therein and occupies and resides on it.

No application for a homestead exemption on this property was made for the year 1937, and the property was assessed for this year to plaintiff, whose address was given on the assessment roll as West Monroe, Route 1. The taxes for 1937 were not paid by the tax debtor when due, and the tax collector mailed to the delinquent tax debtor on April 5, 1938, a registered notice of such delinquency to the address shown on the tax rolls, to-wit, West Monroe, Route 1. This notice was returned to the tax collector with the notation thereon "Del Atpt", which all parties take to mean— and we believe this to be correct—"Delivery Attempted". The tax collector made no further effort to notify the tax debtor of his tax delinquency, and thereafter advertised for sale to pay the taxes due thereon for the year 1937 the 16 acres in question. At the tax sale on July 2, 1938, defendant G. H. Owens became the purchaser, and the tax collector executed a tax deed to Owens dated July 5, 1938, which was recorded on January 22, 1940, in Conveyance Book 280, page 349, of the records of Ouachita Parish.

The tax debtor, Messina, owned property at 914 Pine Street in the City of Monroe, and had there resided continuously for a period of 23 years prior to the date of the trial, and received his mail there and at no other place. This property at 914 Pine Street is the property on which he made application for a homestead exemption for

the year 1937. There is evidence in the record indicating that his name was signed to these various applications for homestead exemption by one of his children, as he testified that he could neither read nor write.

The first knowledge that plaintiff had of the sale of his property for taxes came when the tenant on the property ceased paying rent to him after having been notified by Owens that he, Owens, had bought the property. This occurred, plaintiff says, about five months before the trial of the case in the lower court, the trial being held on June 15, 1943.

The sole question for decision in this case is whether or not the notice of delinquency sent by registered mail to the tax debtor by the tax collector complied with the requirements of the law of this state as set out in Article X, Section 11, of the Constitution, as amended, and in Act 170 of 1898, as amended.

That article of the Constitution provides that: "There shall be no forfeiture of property for the nonpayment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and *after giving notice to the delinquent in the manner provided by law,* advertise for sale in the official journal of the parish or municipality * * * the property on which the taxes are due in the manner provided for judicial sales * * *." (Italics ours.)

The pertinent provisions of Act 170 of 1898 are these:

"Sec. 50. Be it further enacted, etc., That on the second day of January, 1899, and each subsequent year, or as soon thereafter as possible, the tax collector or sheriff shall address to each tax-payer who has not paid all the taxes which have been assessed to him on immovable property, written or printed notice in the manner provided for in Section 51 that his taxes on immovable property must be paid within twenty days after the service or mailing of said notice, or that said property will be sold according to law * * *."

"Section 51. That the State Tax Collector for the City of New Orleans as well as in other Parishes of this State, shall send to each taxpayer by registered mail the notice prescribed in Section 50 of this Act, provided that in Cities containing a population over fifty thousand persons the State Tax Collector or Ex-Officio State Tax Collector, may either send this notice by registered mail or may make a personal or domiciliary service on the taxpayer. After the State Tax Collector or Ex-Officio State Tax Collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made, which proces verbal shall be signed officially by him in the presence of two witnesses and filed in the office of the Clerk of Court in Parishes of this State other than the Parish of Orleans for re-

cording and preservation, and in the Parish of Orleans shall be filed in the Office of the State Tax Collector for the City of New Orleans and preserved for record. Said Proces-verbal shall be received by the Courts as evidence. * * *" (as amended by Act 194 of 1932).

"Sec. 52. Be it further enacted, etc., That the tax collector or sheriff shall publish once a week for two weeks, in one newspaper published in his district or parish, if there be one, or in the manner provided for judicial sales, if there be none published in this parish, one general notice, substantially in the foregoing form, addressed to all unknown owners, and non-residents whose postoffice address is unknown, of assessed immovable property situated in his parish or district, in which he shall describe the property as described in tax roll. He shall certify on his tax rolls that he has published said notices, and said certificates on either shall make full proof thereof until disproved in a judicial proceeding."

In the case of Lee v. Givens, 18 La.App. 383, 134 So. 775, 777, decided by the Court of Appeal, Second Circuit, on May 20, 1931, the property was assessed to Dave A. Lee, Jr., on the assessment rolls for the year 1926, he being the rightful owner at that time, and his address was shown on said assessment rolls to be Ashland, Louisiana. After the first day of January, 1927, the taxes for 1926 not having been paid, the sheriff and tax collector addressed a registered notice, as required by law, to D. A. Lee, Jr., at Ashland, Louisiana. This notice was returned to the sheriff with a notation thereon "Removed, Left No Address". No further effort was made to give any other notice of delinquency or to learn the tax debtor's address, and the sheriff did not give notice by publication in the paper, as is required by law for unknown owners and those whose residence is unknown.

The Court of Appeal held: "When the notice was returned to the sheriff and tax collector with the notation thereon, it was the duty of the sheriff to make inquiries as to the residence of plaintiff, and, if same could not be learned, he then should have given the notice required by section 52 of Act No. 170 of 1898; that is, by publication of notice, as is prescribed for 'unknown owners' and owners whose residence is unknown. As a last resort, he must comply with section 52 in order to satisfy the constitutional requirements of notice to delinquent taxpayers. Bush v. Baham, 10 La.App. 560, 121 So. 628; Citing Jones v. Curran, supra [156 La. 1055, 101 So. 415]; Recker v. Dupuy, 161 La. 392, 108 So. 782; Kivlen v. Horvath, 163 La. 901, 113 So. 140.'"

In Hargrove et al. v. Davis et al., La. App., 178 So. 198, 200, decided by the Court of Appeal, First Circuit, on January 11, 1938, plaintiffs W. R. Hargrove, Jr., and M. D. Hargrove purchased 120 acres of land composed of three 40's, which tract of land was divided by the parish line of Allen and Vernon Parishes, 80 acres of said property being situated in Vernon Parish and 40 acres in Allen Parish. Plaintiffs lived in Allen Parish, and their post office address was Oakdale, where they resided from the time of their acquisition of the

property up to, and including, the year 1928. That part of the property located in Vernon Parish was assessed to plaintiffs on the assessment rolls of that parish as "W. R. Hargrove et al., Fullerton, Louisiana".

The taxes were not paid for the year 1927, and the sheriff of Vernon Parish sent the usual registered notice of delinquency addressed to the tax debtors as the name and address appeared on the assessment rolls, as stated above. This registered notice was returned unclaimed and undelivered. The sheriff made no further effort to serve notice of delinquency on the tax debtors and in due course sold the property for the unpaid taxes to defendant J. H. Davis.

In affirming a judgment of the lower court in favor of plaintiffs, recognizing them as the owners of the property and setting aside the tax sale, the Court of Appeal said:

"There is no question but that the registered notice addressed to the tax debtors at their wrong address was returned to the tax collector undelivered, with a notation thereon as to the reason for the nondelivery, and the collector made no further effort to ascertain the correct address and deliver the notice. It appears that plaintiffs had previously sent checks from Oakdale to pay their taxes, and one of the plaintiffs was known to the sheriff of Vernon parish. So far as known, there were no Hargroves at Fullerton.

"It is also shown that the tax collector did not advertise in the list of unknown owners the property of the plaintiffs after the notice was returned, nor did he file a procès verbal in the office of the clerk of court showing the names of the delinquents, their addresses, description of the property on which the taxes were due, and the manner in which the notice was served, as required by section 51 of Act No. 170 of 1898, as amended, Act No. 235 of 1928, Act No. 194 of 1932, § 1. No effort was made by the defendants to show that the tax debtors were served with notice.

"Where the sheriff makes up and files in the office of the clerk of court the procès verbal of tax delinquents as required by the above-mentioned section of the revenue law, the presumption arises that notices of delinquency were served as therein stated, and the burden then rests on the tax debtor to show that no notice was given. But where no such procès verbal is filed as required by this section of the revenue law, the presumption as to the regularity of the tax deed is negatived and rebutted, and it then devolves on the tax purchaser to prove that all requisites for a valid tax sale, including notice of delinquency, were complied with. Pill v. Morgan et al., 186 La. 329, 172 So. 409."

In Miller v. Cormier, La.App., 16 So.2d 82, decided by the Court of Appeal, First Circuit, on December 21, 1943, the tax debtor, at the time he acquired certain property in St. Landry Parish, was living near Carencro in the Parish of Lafayette, where he received his mail. After his purchase of the property, he moved thereon and received his mail at Sunset in the Parish of St. Landry. He subsequently moved from that parish to Lafayette, where he received his mail in care of the Southern Pacific

Railway. The property was assessed to the tax debtor on the assessment rolls of the Parish of St. Landry for the years 1935, 1936, and 1937 under the name of "Leonce Cormier, Carencro".

The taxes were not paid for the year 1935, and on September 29, 1936, the sheriff of St. Landry Parish sent the usual registered notice of delinquency addressed to "Leonce Cormier, Carencro, La.", the name and address which appeared on the rolls. The notice was forwarded to Lafayette, presumably by someone connected with the post office at Carencro. This registered notice was returned to the sheriff's office unclaimed and unreceived by the tax debtor. The sheriff made no further effort to serve notice of delinquency on the tax debtor, but proceeded to advertise and sell the property.

The court, in affirming the judgment annulling, avoiding, and setting aside the tax sale and ordering the cancellation of its recordation from the public records, held that notice of delinquency was not given as required by law, and cited with approval the cases of Lee v. Givens and Hargrove v. Davis, supra.

It may be true that the tax debtor in the present case authorized the assessor to show his address on the assessment rolls for the years 1936 and 1938 as West Monroe, Route 1, by making application for homestead exemption on this property for those years, in which applications he declared that he lived and resided on the property in question. But this is not true with reference to the assessment, for the year 1937, for in this year plaintiff Messina made no application for a homestead exemption on the 16 acres in question, but on the contrary, as is shown by the record, he applied for, and was granted, a homestead exemption on the property owned by him in the City of Monroe at 914 Pine Street, his correct address, where he lived and received his mail.

This being so, when the notice of delinquency was returned to the tax collector with the notation thereon "Delivery Attempted", it then became the duty of the tax collector to make inquiry as to the residence of the plaintiff, and, if the same could not be learned, he should then have given the notice as set forth in Section 52 of Act 170 of 1898—that is, by publication of notice as is prescribed for "unknown owners" and owners whose residence is unknown.

It is to be noted that the tax collector did not mail the notice of delinquency to the proper address of the tax debtor, as the record discloses without question that he had resided at his home in the City of Monroe for a period of 23 years, his mailing address being 914 Pine Street. And in truth and in fact the assessor himself testified that he personally knew the tax debtor, had known him for a period of 15 years, and knew where he lived.

Defendant cites and relies on the cases of Carey v. Green, 177 La. 32, 147 So. 491, and Calcasieu Investment Co., Inc., v. Corbello's Heirs, La.App., 175 So. 101, but these cases can easily be distinguished from the present case in the following

language, quoted from Hargrove v. Davis, supra: "But in all of these cases the notice was sent to the proper address of the tax debtors, and the failure of the tax debtor to receive the notice was no fault of the tax collector."

Defendant cites also the case of Gilmer v. Stinson, La.App., 197 So. 299, decided by the Court of Appeal, Second Circuit, on April 4, 1940. But in that case it is to be observed that it was conceded that the owners of record were given timely notice of the delinquency of the taxes and of the intention to sell the land therefor.

The case of Reed v. Stinson, La.App., 188 So. 509, decided by the Court of Appeal, Second Circuit, on January 10, 1939, is also cited by defendant. In that case the notices of delinquency were sent to the address listed on the assessment roll, and the return cards accompanying the registered notices were received by the sheriff and tax collector, all signed by Ernest Reed, a son of plaintiff, at the time living in plaintiff's home. Under these facts, the court held that the tax collector, by sending to the tax debtor the notices of tax delinquency by registered mail, performed the duty imposed upon him by law, and that he was not obligated to follow up the notices to ascertain whether the tax debtor had actually received them. The facts in that case are not in point with the facts in the case now being considered by this court.

Our opinion in this case is not to be construed in any way as placing the stamp of our approval on the fact that a homestead exemption on this property was claimed

for the years 1936 and 1938, and possibly other years, when in truth and in fact Messina never did occupy it or reside thereon.

For the reasons hereinabove assigned, the judgment of the Court of Appeal is reversed and set aside, and the judgment of the district court is ordered reinstated and made the final judgment of this court; defendant to pay all costs.