292 So.2d 317 (1974)
Annie Margiotta SHERIDAN et al.
v.
COMMERCIAL GUARANTY AND BROKERAGE CORPORATION.
COMMERCIAL GUARANTY AND BROKERAGE CORPORATION
v.
Mike MARGIOTTA.
Nos. 9664 and 9665.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Jim W. Richardson, Jr., Bogalusa, for appellants.
James D. Johnson, Jr., Franklinton, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Commercial Guaranty and Brokerage Company (Appellant) appeals from judgments rendered in these consolidated cases annulling a tax sale of real property to Appellant for lack of proper notice to the tax debtor. We affirm.
Appellant filed suit on January 14, 1972 against Mike Margiotta (Appellee) seeking summary judgment quieting Appellant's tax title to Lots 1 and 2, Square 15, Stephen E. Richardson First Addition to the City of Bogalusa, Washington Parish, Louisiana, pursuant to a tax deed dated May 1, 1968, for unpaid taxes for the year 1967, assessed in the name of Annie Margiotta Sheridan (Appellee).
Appellees countered with their own action filed May 22, 1972, to have the tax sale declared null and void.
The facts are stipulated. The sole question presented is one of law, namely, whether the Sheriff and Ex Officio Tax Collector, Washington Parish, complied with the provisions of LSA-R.S. 47:2180, which requires that notice of delinquency be given a tax debtor prior to the sale of property for unpaid taxes.
In 1967, subject property was owned by and assessed by Appellee Sheridan whose address was listed on the tax rolls as 645 Avenue I, Bogalusa, Louisiana. On February 9, 1968, the Sheriff of Washington Parish mailed a tax notice to Mrs. Sheridan at the above address stating that 1967 taxes on subject property were delinquent. Mrs. Sheridan did not receive the notice, her correct address then being 1543 Military Road, Bogalusa, Louisiana. The notice was returned to the Sheriff bearing the notation "moved, left no address". The Sheriff made no further effort to notify or contact Mrs. Sheridan, the record owner. On May 1, 1968, the property was sold to Appellant at tax sale. On October 14, 1968, Mrs. Sheridan sold the property *318 to Appellee, Mike Margiotta, who has been in possession of and paid taxes thereon since his acquisition.
It is well established that LSA-R.S. 47:2180, and its statutory predecessors, require that notice of delinquency be given a taxpayer before his property may be sold for nonpayment of taxes. It is also well settled that where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, it is incumbent upon the tax collector to take additional reasonable steps to notify the taxpayer, and failure of the tax collector to perform this obligation renders a tax sale null and void. Robinson v. Mafrige, 299 La. 376, 86 So.2d 72; Salsman v. Bloom, 172 La. 238, 133 So. 760; Messina v. Owens, 207 La. 967, 22 So.2d 286; Miller v. Cormier, La.App., 16 So.2d 82.
Appellant concedes that notice of delinquency was due Mrs. Sheridan in this instance pursuant to LSA-R.S. 47:2180. Appellant contends, however, that where the tax collector mails notice to the taxpayer's last known address, as shown on the tax records, sufficient notice is given even if the notice is not actually received. In effect, Appellant contends it is the duty of the tax debtor to notify the tax collector of a change in address, and that the taxpayer's failure in this respect renders valid a notice directed to the taxpayer's last known address appearing on the tax records even though such a notice is not actually received. In so arguing, Appellant relies upon Carey v. Green, 177 La. 32, 147 So. 491, and Goodwin v. Newsome, La. App., 44 So.2d 189.
Our examination of Carey and Goodwin reveals neither authority to be apposite to the case at hand. Each deals with a notice that was either sent to the taxpayer's correct address or was deemed to have been actually received by the taxpayer. In Carey, above, the notice was addressed to the taxpayer only at "Minden, Louisiana", which was taxpayer's correct address. It developed that the taxpayer lived in Minden, but resided in an area of the municipality where home delivery of mail was not required. To receive his mail, taxpayer was required to call at the local post office which he did not do. Hence the notice was returned unclaimed. In Carey, the court held that, since the notice was mailed to the correct address and failure of receipt resulted from the taxpayer's own fault, the notice was effective.
In Goodwin v. Newsome, above, a notice was returned bearing the taxpayer's name on the receipt and indicating receipt thereof by a Mrs. E. M. Burton, acting as agent of the taxpayer. Although the taxpayer denied actual receipt of notice, it was held the notice was sufficient in that it was sent to the correct address.
We likewise find Goodwill v. Smith, La. App., 29 So.2d 188, clearly distinguishable from the case at bar. In Goodwill, a tax notice sent to a bank was receipted for by Melvin Bell, Agent. The tax debtor maintained the notice was insufficient because of a lack of proof of Bell's authority to acknowledge receipt as agent. The court concluded that, since the notice was sent to the correct address, receipt was not required. Consequently, the notice was deemed valid.
We find Messina v. Owens, 207 La. 967, 22 So.2d 286, squarely in point and dispositive of the case at hand. In Messina, above, a 16 acre tract of land situated in Caddo Parish was assessed for the year 1937 to plaintiff. The tax records listed Messina's address as Route 1, West Monroe, whereas, Messina actually resided at 914 Pine Street, Monroe, Louisiana. Messina's property was sold to defendant Owens in 1938, pursuant to a notice addressed to Messina at the West Monroe address, which notice Messina did not receive. The notice was returned to the tax collector marked "Del Atpt". The tax collector made no further effort to contact the owner. The notice was held ineffective because it was sent to the wrong address and the tax collector failed to discharge his obligation to make further reasonable efforts to notify the tax debtor.
*319 Appellant has cited no authority in support of the argument that a tax debtor is required to notify the tax collector of a change in address. Our independent research has failed to disclose authority, either statutory or jurisprudential, supporting such a position. On the contrary, we find the clear tenor of the jurisprudence to be the precise opposite. Our research discloses numerous cases, in addition to those cited above, which hold that where notice of tax delinquency is sent to a taxpayer's address of record, which is an incorrect address, it is the duty of the tax collector to make reasonably diligent effort to ascertain the taxpayer's proper address and give the required notice.
The judgment is affirmed at Appellant's cost.
Affirmed.