ELLIS, Judge:
This is a suit to annual tax sale, brought by John Brock Bunch against Sam Boyet. Mr. Boyet reconvened, asking that his tax title be confirmed and quieted. After trial on the merits, judgment was rendered confirming and quieting Mr. Boyet’s tax title, and dismissing plaintiff’s demands. Plaintiff has appealed.
*761 Mr. Bunch was the owner of 43.47 acres of land in Section 12, Township 2 South, Range 13 East, Washington Parish, Louisiana. Mr. Bunch received no tax notice of the 1973 taxes for that parcel of ground, because the address shown on the tax rolls was incorrect. A registered notice was sent to Mr. Bunch, at the improper address, and was returned to the Sheriff of Washington Parish with the notation that the addressee had moved and left no forwarding address. No further effort was made by the Sheriff to locate Mr. Bunch, and his property was duly advertised for sale and was adjudicated to Sam Boyet by tax deed dated May 1, 1974, and recorded on May 15, 1974, in the conveyance records of Washington Parish. This suit was brought within the five-year peremptive period provided by La.Const. Art. 7 § 25.
The record further reveals that Mr. Bunch owned several other pieces of property in Washington Parish, in a different ward from the property sold to Mr. Boyet, and that his correct address was given in the assessments for those properties.
Plaintiff alleges that the tax adjudication to Mr. Boyet is null and void for failure to give proper notice of the sale to him. He contends that the Sheriff is required by law to exercise due diligence in ascertaining the proper addresses of those who have not received the notices required by law, and that, since the proper address was shown for other assessments made to plaintiff, the exercise of due diligence would have disclosed the proper address.
In Sheridan v. Commercial Guaranty & Brokerage Corp., 292 So.2d 317 (La.App. 1st Cir. 1974), we said:
“It is well established that LSA-R.S. 47:2180, and its statutory predecessors, require that notice of delinquency be given a taxpayer before his property may be sold for nonpayment of taxes. It is also well settled that where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, it is incumbent upon the tax collector to take additional reasonable steps to notify the taxpayer, and failure of the tax collector to perform this obligation renders a tax sale null and void. Robinson v. Mafrige, 299 La. 376, 86 So.2d 72; Salsman v. Bloom, 172 La. 238, 133 So. 760; Messina v. Owens, 207 La. 967, 22 So.2d 286; Miller v. Cormier, La. App., 16 So.2d 82.”
In the Sheridan case, we also held that there was no duty on the part of a tax debtor to notify the tax collector of a change of address.
In this case, no effort whatsoever was made to ascertain plaintiff’s correct address, which was, in fact, readily available to the tax collector in his own records. There was, therefore, no notice given plaintiff, as required by law, and the tax sale is null and void for that reason.
The judgment appealed from is reversed, and there will be judgment in favor of John Brock Bunch and against Sam Boyet, annulling the tax sale for 1973 taxes, dated May 1,1974, and recorded in COB 249, folio 613 of the records of Washington Parish, purporting to convey “43.57 Acres Part of Fract. SE Vi, Sec. 12-2-13,” and ordering same cancelled and erased from the records of Washington Parish. Defendant shall pay all costs.
REVERSED AND RENDERED.