395 So.2d 823 (1981)
J. C. BRYANT et al.
v.
T.C.B. ENTERPRISES.
No. 13926.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
Donald R. Weber, Baton Rouge, for plaintiffs-appellees J. C. Bryant, Willie Bryant et al.
Mack I. Frank, T. Kenneth Elbert, Baton Rouge, for appellant T.C.B. Enterprises.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
T.C.B. Enterprises, defendant-appellant, appeals the decision of the trial court annulling and setting aside a tax sale which conveyed to it a tract of land in East Baton Rouge Parish. The tax deed was for unpaid property taxes for 1973 and is dated June 28, 1974. The plaintiffs-appellees[1] are the previous co-owners of the property.
The tract of land comprises 10.2 acres located in the northern part of East Baton Rouge Parish near Zachary, Louisiana. The plaintiffs are descendants of the original owners, Emmitt and Vanice C. Bryant.
Emmitt and Vanice C. Bryant, as husband and wife, owned the tract of land until Emmitt's death in 1957. At the time of Emmitt's death, eight children were born of the marriage,[2] six of whom are plaintiffs in this suit.
A Judgment of Possession, dated June 28, 1961, gave ½ ownership to Vanice C. Bryant as the surviving spouse in the community and the other ½ undivided ownership went to five of the children.[3] In 1966, because of necessitating circumstances, Vanice C. Bryant signed an instrument purporting to transfer her interest in the property to Emmitt Bryant, Jr. and Willie Bryant. Mrs. Vanice Bryant continuously lived on the property and was still living there at the time of the trial of this case in the district court.
The notices of assessment for the years 1966-1972 were sent to the following persons at the respective addresses. Included within this description are the dates that the taxes were paid.

 1966 Bryant, Vanice C. ½ USU F ½ etals 1/10 ea.
 Rt. 2
 Zachary, La. 12-8-66
 1967 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 1-3-68
 1968 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 4-17-69

*824
 1969 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 1-13-70
 1970 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 4-29-71
 1971 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 5-12-72
 1972 Bryant, J.C. 7/20, Willie Bryant ¼ etals
 607 Oakland S.W.
 Grand Rapids, Mich. 1-6-73

The notice of assessment for the taxes in 1973 was again sent to J. C. Bryant and Willie Bryant at 607 Oakland S.W. in Grand Rapids, Michigan. No taxes were paid and a delinquent notice for taxes was sent by certified mail to the same address on April 8, 1974. The return receipt was returned with the inscription: "Return to writer not deliverable as addressed no forwarding order on file."
The plaintiffs filed this suit to annul the tax sale on October 26, 1978, contending that they were never notified of the notice of assessment nor the notice reflecting that if the taxes were not paid, the property was subject to seizure and sale. J. C. Bryant testified that he has never received any type of notice of taxes while living in Michigan. He states that he thought his mother received this information although he has previously made partial payment of some of the taxes.
J. C. Bryant also contends that the address listed on the tax roll was incorrect since he resided at a different address in 1973 and in 1974. Willie Bryant was a resident of Caledonia, Michigan in 1973 and in 1974.
The trial court, citing provisions of the 1974 Louisiana Constitution with applicable provisions of the 1921 Constitution, found that the plaintiffs were entitled to the annulment of the tax sale and that suit had been brought within the five year prescriptive period. The cause for annulment is that the plaintiffs did not receive notice of tax delinquency and that the property would be sold at tax sale unless paid within twenty days.
The defendant contends the trial court erred in holding that the plaintiffs-appellees did not receive sufficient notice of tax delinquency.
The applicable provision of Art. 10, Sec. 11 of the 1921 Louisiana Constitution is as follows:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given...."
This provision is almost identical to Art. 7, Sec. 25 of the 1974 Constitution.
Title 47 of the Revised Statutes sets forth the procedure for giving notice of taxes as well as the requirements for a tax sale. La.R.S. 47:2101 requires the tax collector to send a tax notice stating the amount of taxes that are presently due by the owner of the property. The requirement of La. R.S. 47:2180[4] provides notice of delinquency *825 to be sent by certified mail to each tax debtor stating the amount of taxes to be paid. In addition, the notice should inform the tax debtor that if the taxes are not paid in twenty days, the property will be sold. A further requirement is the publication in a newspaper of a notice of delinquency.
It is this procedure for giving notice that the trial court relied on in determining that plaintiffs had a cause to annul the tax sale to the appellant.
This Court has held on two different occasions the nullity of tax sales because of insufficient notice to the tax debtor. Sheridan v. Commercial Guaranty & Brokerage Corp., 292 So.2d 317 (La.App. 1st Cir. 1974), and Childress v. Johnson, 387 So.2d 1217 (La.App. 1st Cir. 1980). In citing the Sheridan decision, this Court in Childress stated:
"The giving of notice of delinquency required by the Constitution of 1974, Article 7, § 25 and LSA-R.S. 47:2180 (and its statutory predecessors) is mandatory. See Garry v. Zor, Inc., 181 So.2d 828 (La.App. 4 Cir. 1966).
"Such notice must be given to a tax debtor before his property may be sold for nonpayment of taxes. Where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void. Sheridan v. Commercial Guaranty and Brokerage Corporation, 292 So.2d 317 (La.App. 1 Cir. 1974). Also, when the tax collector, after the tax delinquency notice is sent to the wrong address and returned unclaimed, makes no further effort to ascertain the tax debtor's correct address and deliver notice, the tax sale is void and the purchaser's tax title is invalid. Standard Homes, Inc. v. Prestridge, 193 So.2d 100 (La.App. 2 Cir. 1966); see also Succession of Welsch v. Carmadelle, 264 So.2d 341 (La. App. 4 Cir. 1972), writ denied, 262 La. 1181, 266 So.2d 452 (1972)."
Compare Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979).
Under these directives, we must ascertain whether the tax collector in this case made any effort to notify the tax debtors of these delinquent taxes after having received the return receipt from the certified notice.
Mike Musso, chief deputy tax auditor for twenty years, testified as to the general practices for the Sheriff's department in East Baton Rouge Parish. He testified that even though they knew there were other heirs, they only mailed a notice to the first one listed on the assessment rolls. In addition, when a delinquent notice is returned undeliverable, the only effort on the tax collector's part is to check with the assessor's office to see if there is a new owner. If there is not a new owner, no *826 further effort is made. He stated that it was "actually impossible for them to follow up on each" of the returned receipts. When asked by the Court if he believed that these property owners had received proper notice, he responded in the negative.
The record herein substantiates these findings: Plaintiffs did not receive any notice of unpaid taxes for the year 1973; no co-owner was residing at 607 Oakland S.W., Grand Rapids, Michigan in 1974 where the notice of unpaid taxes was mailed by the tax collector; and, after return of the receipt, no further effort was made by the tax collector to ascertain the correct addresses of any of the co-owners.
For these reasons, we hold that the tax sale of the following described property is null and void, to wit:
"A certain tract of parcel of land, together with all the buildings and improvements thereon, and all rights, ways, privileges and servitudes there unto appertaining, situated in the former Fifth Ward of East Baton Rouge Parish, Louisiana, taken from West one-half (W½) of northwest one-fourth (NW¼) of Section 27, T4S, R2E, Greensburg Land District, and described as Lot 1, as shown on map made by O. C. Hollister, Registered Surveyor, dated June 11, 1949, said Lot 1 containing 10.2 acres, more or less, and having the measurements as shown on said map hereinabove referred to, copy of which is attached to Act of Sale dated August 28, 1956, wherein Robert Williams, et al. sold to Louie F. Kent of East Baton Rouge Parish this property."
The judgment of the trial court annulling and setting aside the sale upon payment of all back taxes and penalties is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Plaintiffs include J. C. Bryant, Willie Bryant, Geraldine Bryant, Shirley Mae Bryant, Johnnie Lee Bryant, and Emmitt Bryant, Jr.
[2] Children of Emmitt Bryant, Sr. include J. C. Bryant, Willie Bryant, Geraldine Bryant, Shirley Mae Bryant, Johnnie Lee Bryant, Emmitt Bryant, Jr., Marion Bryant, and Mildred Bryant.
[3] Geraldine Bryant, Shirley Mae Bryant, J. C. Bryant, Johnnie Lee Bryant, and Emmitt Bryant, Jr.
[4] La.R.S. 47:2180 reads as follows:

"On the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
"The tax collector shall send to each taxpayer by registered mail the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect from each delinquent taxpayer twenty-five cents as costs for each notice served; no mileage shall be charged for service of the notices. A like charge will be made if the property is adjudicated to the state or any subdivision thereof.
"The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to nonresident owners of such property whose post office address is unknown, in which he shall describe the property as described in the tax roll. Such notice shall be published once a week for two weeks in a newspaper published in his parish, or if there be none published in the parish then such notice shall be given in the manner provided by law for judicial sales. He shall pay for the publication, and shall be entitled to collect as costs thereof one dollar from each unknown owner or from the property assessed to him. The collector shall certify on his tax rolls that he has published the notices, and the certificate on either roll shall make full proof thereof until disproved in a judicial proceeding."